# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 50226

STATE OF IDAHO,

    Plaintiff-Respondent,

v.

MISTI MARIE BERRYMAN,

    Defendant-Appellant.

)
)
)
)
)
)
)
)
)
)
)
)

Filed: September 29, 2023

Melanie Gagnepain, Clerk

THIS IS AN UNPUBLISHED
OPINION AND SHALL NOT
BE CITED AS AUTHORITY

---

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. John T. Mitchell, District Judge.

Judgment of conviction and unified sentence of thirty years, with a minimum period of confinement of ten years, for aggravated battery, affirmed

Erik R. Lehtinen, Interim State Appellate Public Defender; Jacob L. Westerfield, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

---

Before LORELLO, Chief Judge; GRATTON, Judge;
and HUSKEY, Judge

---

PER CURIAM

Misti Marie Berryman pled guilty to aggravated battery, Idaho Code §§ 18-907(1)(a), 18-903, with enhancement for use of a deadly weapon, I.C. § 19-2550. The district court imposed a unified sentence of thirty years with ten years determinate and retained jurisdiction. Following the period of retained jurisdiction, the district court relinquished jurisdiction and ordered execution of Berryman's sentence. Berryman appeals, contending that her sentence is excessive.

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-

1

15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court. *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020).

Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion. Therefore, Berryman's judgment of conviction and sentence are affirmed.